UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VONAGE HOLDINGS CORPORATION,<br><br>                     Plaintiff,<br><br>        - against -<br><br>THE NEW YORK STATE PUBLIC SERVICE COMMISSION, and WILLIAM M. FLYNN, THOMAS J. DUNLEAVY, LEONARD A. WEISS, and NEAL N. GALVIN, in their official capacities as the Commissioners of the Public Service Commission of the State of New York, and not as individuals,<br><br>                     Defendants. | 04 Civ. No. 4306<br>(JGK)(DFE)(ECF CASE)<br><br>VERIFIED ANSWER |

    The Defendants, the Public Service Commission of the State of New York and the Commissioners thereof, served in their official capacities (Commission or PSC), state as follows:

    1.   Deny the allegation stated in paragraph 1, except admit that Plaintiff Vonage Holdings Corporation (Vonage) seeks declaratory and preliminary and permanent injunctive relief in a challenge to a PSC <u>Order Establishing Balanced Regulatory Framework for Vonage Holdings Corporation</u>, issued by the Commission on May 21, 2004 in its Case No. 03-C-1285 ("Order"), (Exhibit B to the Declaration of John Rego).

    2.   Deny the allegations contained in paragraph 2, except admit that Plaintiff Vonage is a New Jersey corporation with its principal place of business in New Jersey and has customers in New York, and upon information and belief, has customers throughout the country.

3.  Admit the allegations contained in paragraphs 3, 4, 5, 6 and 7.

4.  Deny the allegations contained in paragraph 8, except admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.  Deny the allegations contained in paragraph 9, except admit that the PSC has a branch office in this district, (Public Service Law § 10) that Defendants conduct PSC business and proceedings at the office and that Vonage and PSC staff met at that office and refer to the Order for a complete and accurate statement of its findings with respect to Vonage's service, except admit that Vonage servers found by the PSC to constitute a "telephone line" are, upon information and belief located in this district.

6.  Deny the allegations contained in paragraph 10 and refer to the Order for a complete and accurate statement of its findings with respect to Vonage's service, except admit that Vonage's DigitalVoice ™ service permits Vonage customers to communicate orally.

7.  Deny the allegations contained in paragraph 11 and refer to the Order for a complete and accurate statement of its findings with respect to Vonage's service, except admit that Vonage customers access its service through broadband connections provided by parties other than Vonage.

8. Deny information sufficient to form a belief as to the allegations contained in paragraph 12, except admit that Vonage customers can either install equipment from third party vendors to receive communications over broadband connections or that Vonage will supply compatible equipment to its customers.

9. Deny the allegations contained in paragraph 13 and refer to the Order for a complete and accurate statement of its findings with respect to Voange's service, except admit that as part of Vonage's service of providing voice communications, spoken statements are converted to Internet Protocol ("IP") format and sent through the customers' broadband connection to Vonage's servers.

10. Deny the allegations contained in paragraph 14 and refer to the Order for a complete and accurate statement of its findings with respect to Vonage's service, except admit that Vonage transmits communications between its customers in IP format, or will convert voice calls to non-IP customers to a format usable on other carriers' networks for transmittal to those non-Vonage customers.

11. Deny the allegations contained in paragraph 15 and refer to the Order for a complete and accurate statement of its findings with respect to Vonage's service, except admit that Vonage contracts with third party telecommunications carriers to originate and terminate calls to and from its customers over other telephone carriers' networks and that Vonage customers are

assigned ordinary 10-digit telephone numbers under the North American Numbering Plan based upon the preference of its customers for a telephone number in a particular state and that those numbers allow Vonage customers to receive calls from non-Vonage customers who dial a telephone number on a telephone connected to another carrier's network.

12. Deny the allegations contained in paragraph 16, except admit that Vonage customers can move their computers and the phone numbers with which their service is associated to other locations and other states, thereby allowing calls from "New York" area codes to be dialed from "other states" area codes to recipients in New York, and calls from other states to be dialed by Vonage customers physically present in New York, and deny information sufficient to form a belief as to whether Vonage's server can determine the geographical location of its customer's IP address.

13. Deny the allegations contained in paragraph 17, except admit that Vonage offers its service based on an unlimited use basis and in packages that describe a customer's usage as "local", "regional" and "long distance" calls. Vonage's service by contract determines whether a communication is local, regional or long distance based solely on the telephone numbers assigned to the called and calling parties.

14. Deny the allegations contained in paragraph 18, except admit that a Vonage customer who has requested a Manhattan

telephone number for a computer device may access Vonage's service over a broadband connection in Los Angeles and that if this customer was calling a Manhattan telephone number, the communication would be considered a local call for Vonage's billing purposes.

15. Deny the allegations contained in paragraph 19, 20, 21, 22 and 23 and refer to the Commission's Order for a full and complete statement of its terms.

16. Deny the allegations contained in paragraph 24 and refer to the Telecommunications Act of 1996, 47 U.S.C. § 151 et seq., particularly, 47 U.S.C. § 230(a)(1) and 47 U.S.C. § 230(b)(1)-(2), for a full and complete statement of their terms.

17. Deny the allegations contained in paragraphs 25 and 26 and refers to 47 U.S.C. § 153(20) and the Second Computer Inquiry (Computer II), 77 FCC 2d 384(1980) ¶ 432, for a complete and accurate statement of their terms.

18. Deny the allegations contained in paragraph 27 and refers to the decision for the District Court of Minnesota in Vonage Holdings Corp. v. Minnesota Public Utilities Comm'n, 290 F. Supp.2d 993 (D. Minn 2003), appeal pending, Docket No. 04-1434(8th Cir.) for a complete and accurate statement of its terms.

19. Deny the allegations contained in paragraph 28, 30, 31, 33, 34 and 37.

20. Deny the allegations contained in paragraph 29, 32, and 36 and incorporates by reference the answers to the proceeding paragraphs as though fully set forth herein.

WHEREFORE, the Defendants, the Public Service Commission of the State of New York and its individual commissioners sued in their official capacities pray that the Court enter an order:

1. Upholding the PSC's Order as not being preempted by federal law and not imposing an unreasonable burden on interstate commerce;

2. Denying Plaintiff Vonage the requested Preliminary and Permanent Injunctions; and

3. Granting such further relief as the Court may deem just and reasonable.

Respectfully submitted,

Dawn Jablonski Ryman
General Counsel
Public Service Commission
 of the State of New York
Three Empire State Plaza
Albany, New York 12223-1350

Jonathan D. Feinberg
Senior Litigation Counsel
(JF 2416)
(518) 474-5597

Dated:   June 29, 2004
         Albany, New York

- 6 -

State of New York    :
                     :ss
County of Albany     :

JONATHAN D. FEINBERG, being duly sworn, deposes and says that he is Senior Litigation Counsel to the Public Service Commission; that he has read the foregoing answer and knows the contents thereof; that the same is true of his own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true; that the source of deponent's information and grounds for his relief as to the matters therein stated to be alleged upon information and belief are the official records relating to the matters set forth in this answer on file in the office of this Public Service Commission; that the reason this verification is made by deponent and not by respondent Public Service Commission is that the respondent is a Department of the State of New York and deponent is an officer thereof, to wit, its Assistant Counsel.

_____
Jonathan D. Feinberg

Sworn to before me this
June 29th, 2004

_____
JOHN C. GRAHAM
Notary Public, State of New York
No. 02GR6080602
Qualified in Rensselaer County
Commission Expires Sept. 16, 20 06

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VONAGE HOLDINGSS CORPORATION,

                Plaintiff,

    - against -

THE NEW YORK STATE PUBLIC SERVICE
COMMISSION, and WILLIAM M. FLYNN,
THOMAS J. DUNLEAVY, LEONARD A. WEISS,
and NEAL N. GALVIN, in their official
capacities as the Commissioners of the
Public Service Commission of the State
of New York, and not as individuals,

                Defendants.

04 Civ. No. 4306
(JGK)(DFE)(ECF CASE)

CERTIFICATE OF SERVICE

---

    Pursuant to Rules 25(b) and (d) of the Federal Rules of Appellate Procedure, I hereby certify that I have this day served a copy of the Verified Answer of Defendants, Public Service Commission of the State of New York in the above-captioned proceeding on each party to this proceeding, via United States First Class Mail, in envelopes addressed as indicated on the attached pages, and I properly caused same to be deposited in a receptacle of the United States Postal Service in the City of Albany, State of New York.

                                             *Tammy Mentis*
                                             Tammy Mentis
                                             New York State Department
                                               of Public Service
                                             Three Empire State Plaza
                                             Albany, New York 12223-1350

Dated: June 30, 2004
       Albany, New York

- 2 -

**SERVICE LIST NOT INCLUDED IN ELECTRONIC FILING**

William B. Wilhelm
Swidler, Berlin, Shereff, Friedmann, LLP
405 Lexington Avenue
The Chrysler Building
New York, NY  10174

Ky E. Kirby
Swidler, Berlin, Shereff, Friedmann, LLP
405 Lexington Avenue
The Chrysler Building
New York, NY  10174

Michael Sloan
Swidler, Berlin, Shereff, Friedmann, LLP
3000 K. Street, NW Suite 300
Washington, DC  20007