IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VONAGE HOLDINGS CORPORATION,

        Plaintiff,

- against -

THE NEW YORK STATE PUBLIC SERVICE
COMMISSION, and WILLIAM M. FLYNN,
LEONARD A. WEISS, THOMAS J. DUNLEAVY,
and NEAL N. GALVIN in their
official capacities as the Commissioners
of the New York State Public Service Commission
and not as individuals,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/04

04 Civ.4306 (DFE)
(ECF Case)

PRELIMINARY
INJUNCTION ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    Plaintiff Vonage Holdings Corporation ("Vonage"), a New Jersey corporation, describes itself as the "Broadband Phone Company." Starting in 2002, Vonage has marketed a new technology called Voice over Internet Protocol ("VoIP"). This matter came before the Court on Vonage's motion seeking preliminary and permanent injunctive relief from New York Public Service Commission ("PSC") *Order Establishing Balanced Regulatory Framework for Vonage Holdings Corporation*, Complaint of Frontier Telephone of Rochester, Inc. against Vonage Holdings Corporation Concerning Provision of Local Exchange and InterExchange Telephone Service in New York State in Violation of the Public Service Law, Case No. 03-C-1285 (N.Y. PSC May 21, 2004). ("PSC Order").

    Having considered all the memoranda and filings of the parties, including the Declarations of John Rego and Carl A. Johnson, the Amicus Brief of the Federal Communication Commission ("FCC"), FCC decisions and other relevant decisions, as well as the arguments

made by the parties and the FCC at the June 30, 2004 hearing, the Court makes the following findings:

1. Vonage has shown that it is likely to succeed on the merits of its claim that the PSC Order is preempted by federal law. See *Vonage Holdings Corp. v. Minnesota Public Utilities Com'n*, 290 F.Supp.2d 993 (D. Minn. Oct. 16, 2003), *post-judgment motions denied*, 2004 WL 114983 (D. Minn. Jan. 14, 2004), *appeal pending*, Docket No. 04-1434 (8th Cir.). See also subsequent orders and notices issued by the FCC, particularly: *In the Matter of Petition for Declaratory Ruling that Pulver.com's Free Word Dialup is Neither Telecommunications Nor a Telecommunications Service*, 19 F.C.C.R. 3307 (Feb. 19, 2004); *In the Matter of IP-Enabled Services*, WC Docket No. 04-36, 2004 WL 439260 (released Mar. 10, 2004) (hereafter "*IP Rulemaking Notice*").

2. Vonage has demonstrated that the PSC Order will interfere with interstate commerce. Vonage has demonstrated that it will suffer irreparable harm absent injunctive relief. See *Public Utilities Comm'n of Ohio v. United Federal Gas Co.*, 317 U.S. 456, 467-69 (1943).

3. Vonage has voluntarily stipulated that during the pendency of a preliminary injunction it will continue to provide the same emergency 911 calling services currently available to Vonage customers in New York and is willing to engage in voluntary industry-wide discussions concerning 911 without conceding that the PSC has jurisdiction over Vonage or services offered by the company and without waiving its legal position that the PSC does not have such jurisdiction.

4. On balance, the PSC has not demonstrated state public interests which require the immediate exercise of state common carrier regulation over any aspect of Vonage's service or which override Vonage's showing of likely success on the merits and irreparable harm.

5.      The FCC currently is considering all of the issues relevant to the merits of this case, in connection with its *IP Rulemaking Notice* and in connection with a Petition by Vonage to the FCC for a Declaratory Ruling seeking the preemption of Minnesota's attempt to regulate Vonage. The FCC's guidance on the issues, via its rulings in those matters, may aid in final resolution of this matter.

6.      It is not necessary for the Court to require security for the issuance of a preliminary injunction in this case, because the PSC has not demonstrated a likelihood of harm and this injunction otherwise maintains the status quo. See *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996); *Pharmaceutical Soc'y of New York, Inc. v. New York State Dep't of Social Servs.*, 50 F.3d 1168, 1174 (2d Cir. 1995).

WHEREFORE, it is hereby ORDERED, that Vonage's Motion for Preliminary Injunction against the PSC's exercise of jurisdiction over enforcement of its Order is GRANTED; and it is further

ORDERED, that pursuant to Vonage's stipulation and during the pendency of this Preliminary Injunction Order, Vonage will continue to provide the same emergency 911 calling services currently available to Vonage customers in New York; and it is further

ORDERED, that the Court will hold a status conference by telephone, to be convened by Vonage, on Monday, December 13, 2004, at 4:00 p.m., at which time the parties will report on the progress of the FCC proceedings referenced above and of any rulings or resolutions issued by the FCC or other Courts that are pertinent to this matter. At that time, the Court will consider whether there is a need for further proceedings in this matter, including a determination on Vonage's request for permanent injunctive relief, and may schedule proceedings thereon; and it is further

ORDERED, that during the pendency of the injunction, Vonage will make reasonable good faith efforts to participate on a voluntary basis in PSC industry-wide workshops pertaining to service reliability of VoIP providers, and shall provide the PSC with a contact name and number at Vonage for purposes of voluntarily sharing information with the PSC in the event of a material telecommunications network outage occurring within the state of New York; and it is further

ORDERED, that during the pendency of the injunction, Vonage will make reasonable good faith efforts to participate on a voluntary basis in PSC industry-wide workshops pertaining to VoIP 911 calling in general.  These workshops may address VoIP 911 issues such as:

    a.    A VoIP provider's attempts to address technical issues pertaining to IP 911 calling, including, but not limited to, provision of Automatic Number Identification and Automatic Location Information;

    b.    sharing by the industry of information with respect to efforts by the National Emergency Number Administration to resolve issues pertaining to IP 911 calling;

    c.    industry-wide technical conferences to discuss national plans to develop and implement appropriate technical and operational solutions for the delivery of IP 911 calls to the appropriate public safety answering point;

    d.    discussion of what progress can be made in establishing certain core principles and a public policy blueprint for the advancement of IP-based service offerings for 911, including the development of interim solutions and possible agreement on long term principles for provision of 911 by the IP industry; and it is further

ORDERED that this injunction does not preclude the PSC from receiving complaints, if any, from Vonage customers about Vonage's service or billing, recording such complaints in the Department of Public Service complaint handling system, referring such complaints to Vonage and offering to provide non-binding mediation of disputes if Vonage cannot resolve the complaint, or recording unresolved complaints in the PSC's database.  Vonage may agree, if it

chooses, to supply the PSC with a contact person for purposes of handling complaints, and to advise the PSC of the status or resolution of any such complaints, but if Vonage does not choose to provide the PSC with a contact person for purposes of handling complaints, then the PSC will record all complaints as unresolved in its database. Vonage will not, by virtue of its voluntary cooperation with the PSC during the pendency of the preliminary injunction, be subject to, or considered to have conceded the application to it of, any New York laws, regulations or rules applicable to telephone corporations. Vonage does not in any way accept PSC jurisdiction over complaints and is free to accept or reject PSC offers of mediation and/or to require its customers to proceed to binding arbitration in accordance with their service agreements; and it is further

ORDERED, that during the pendency of the injunction either party for good cause shown may petition the Court for an Order modifying the terms of the injunction provided by this Order.

*/s/ Douglas F. Eaton*

DOUGLAS F. EATON

United States Magistrate Judge

Dated: New York, New York
       July 16, 2004

Copies of this Preliminary Injunction Order were sent on this date by electronic case filing to:

Ky E. Kirby, Esq.
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

Yun G. Lee, Esq.
Swidler Berlin Shereff Friedman, LLP
The Chrysler Building
405 Lexington Avenue, 11th Floor
New York, NY 10174

Jonathan D. Feinberg, Esq.
Office of General Counsel
New York State Department of Public Service
3 Empire State Plaza
Albany, NY 12223

Sarah E. Light, Esq.
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007