UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
VONAGE HOLDINGS CORPORATION,          :
                                       :   04 Civ. 4306 (DFE) (ECF CASE)
                          Plaintiff,   :
                                       :
         -against-                     :
                                       :
THE NEW YORK STATE PUBLIC SERVICE      :
COMMISSION, and WILLIAM M. FLYNN,      :
LEONARD A. WEISS, THOMAS J. DUNLEAVY,  :
and NEAL N. GALVIN in their official capacities :
as the Commissioners of the New York State :
Public Service Commission and not as individuals, :
                                       :
                          Defendants.  :
------------------------------------------------------------X

## NOTICE OF RECENT RELEVANT AUTHORITY

Plaintiff Vonage Holdings Corporation ("Vonage") respectfully submits this Notice of Recent Relevant Authority in further support of its motion for permanent injunctive relief against enforcement of an order of the New York Public Service Commission ("NYPSC") that seeks to impose state telephone regulatory requirements on Vonage. Vonage filed its Motion for Permanent Injunctive Relief with this Court on December 20, 2004. On December 22, 2004 the Eighth Circuit issued its decision in *Vonage Holdings Corp. v. Minnesota PUC*, No. 04-1434 (8th Cir. Dec. 22, 2004) upholding the District Court for the District of Minnesota's permanent injunction against the Minnesota Public Utility Commission's enforcement of an Order which imposed nearly identical state telephone regulatory requirements on Vonage (a copy of the Eighth Circuit's Order is attached as Exhibit 1). The Eighth Circuit's affirmance was founded on the recent FCC declaratory ruling that preempted such state regulation of Vonage. The Court of Appeals found that the Hobbs Act, 28 U.S.C. §2342(1), precluded a collateral attack of the

FCC's order, and therefore the appeal before the Court was not a proper proceeding to assess the merits of the FCC's decision. *Eighth Circuit Order* at 2-3. As such, the Court found that the FCC's order "dispositively supports the District Court's injunction," and noted that any parties aggrieved by the injunction would be free to seek relief from it in the event a Hobbs Act challenge proved successful. *Id*. at 3.

The Eighth Circuit's decision provides strong persuasive authority, in addition to all the arguments set forth in Vonage's moving papers, for this Court to similarly find here that the issuance of a permanent injunction is dispositively supported by the FCC's preemption order. As discussed in Vonage's moving papers, the FCC's declaratory ruling did not focus only on Minnesota's particular regulatory scheme, but was concerned rather with any state regulation of Vonage's DigitalVoice service. Therefore a permanent injunction against the NYPSC's Order is equally supported by the FCC's decision.

                                          Respectfully submitted,

                                          SWIDLER BERLIN, LLP


                                          By: /s Christopher J. Carney__
                                               Ky E. Kirby
                                               William B. Wilhelm
                                               Michael C. Sloan
                                               Christopher J. Carney (CC 0388)

                                          3000 K Street
                                          Suite 300
                                          Washington D.C. 20007
                                          (202) 424-7500

                                          *Attorneys for Vonage Holdings Corporation*

Dated: January 5, 2005
      Washington, D.C.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Plaintiff Vonage Holdings Corporation's Notice of Recent Relevant Authority was served on all counsel via electronically delivery in accordance with Local Civil Rule 5.2.

        /s Christopher J. Carney
        Christopher J. Carney (CC0388)

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 04-1434

| | | |
|---|---|---|
| Vonage Holdings Corporation, | ) | |
| | ) | |
| Appellee, | ) | Appeal from the United States |
| | ) | District Court for the |
| MCI Worldcom Communications, | ) | District of Minnesota |
| Inc.; MCImetro Access Transmission | ) | |
| Services, Inc., | ) | [PUBLISHED] |
| | ) | |
| Intervenor Plaintiffs - Appellees | ) | |
| | ) | |
| The Minnesota Public Utilities | ) | |
| Commission; Leroy Koppendrayer; | ) | |
| Gregory Scott; Phyllis Reha; | ) | |
| R. Marshall Johnson, in their official | ) | |
| capacities as the Commissioners of | ) | |
| the Minnesota Public Utilities | ) | |
| Commission and not as | ) | |
| individuals, | ) | |
| | ) | |
| Appellants. | ) | |

Submitted: November 17, 2004
Filed: December 22, 2004

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges

ORDER AND JUDGMENT

This case concerns a dispute over whether federal communications law preempts defendant/appellant the Minnesota Public Utilities Commission ("MPUC") from imposing common carrier telecommunications regulations on plaintiff/appellee Vonage Holdings Corporation ("Vonage") for its voice over the Internet protocol, or VoIP, service. The District Court, finding MPUC's proposed regulation preempted, issued a permanent injunction prohibiting MPUC from regulating Vonage in that manner. MPUC appealed the judgment to this Court.

On November 12, 2004, while this appeal was pending, the Federal Communications Commission ("FCC") issued a Declaratory Order and Opinion preempting MPUC from imposing its proposed regulations on Vonage. *See In re Vonage Holdings Corp. Petition for Declaratory Ruling Concerning an Order of the Minn. Pub. Util. Comm'n,* WC Docket No. 03-211, FCC 04-267 (FCC rel. Nov. 12, 2004) ("FCC Order"). The FCC concluded that the interstate and interstate components of Vonage's service are inseverable, such that it is not possible for MPUC to regulate the intrastate component of the service without impermissibly regulating the interstate component. *See id.* ¶ 31. We sought supplemental briefing on the impact, if any, of the FCC Order on our disposition of this case. Because we conclude that the FCC Order is binding on this Court and may not be challenged in this litigation, we now affirm the judgment of the district court on the basis of the FCC Order.

The Administrative Orders Review Act ("Hobbs Act") prescribes the sole conditions under which the courts of appeals have jurisdiction to review the merits of FCC orders. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *see also FCC v. ITT World Communications,* 466 U.S. 463, 468-69 (1984). An aggrieved party may invoke Hobbs Act jurisdiction by filing a petition for review of the FCC's final order in an appropriate court of appeals naming the United States as a party. *See* 28 U.S.C. § 2342; *id.* § 2344. No collateral attacks on the FCC Order are permitted. *Id.* The case before us is not a Hobbs Act petition for review. Therefore, this is not the

appropriate forum for MPUC to dispute their merits of the FCC's filing. *See United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 463 (8th Cir. 2000).

Therefore, we conclude that the FCC's order preempting MPUC's order dispositively supports the District Court's injunction. In the event that MPUC or another aggrieved party prevails in a Hobbs Act petition for review, MPUC remains free to challenge the injunction at that time. The judgment of the District Court is hereby AFFIRMED.

_____