UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
                                       ECF CASE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VONAGE HOLDINGS CORPORATION,

         Plaintiff,

         - against -                            04 Civ. 4306 (JGK) (DFE)

THE NEW YORK STATE PUBLIC SERVICE  
COMMISSION and WILLIAM M. FLYNN,  
THOMAS J. DUNLEAVY, LEONARD A. WEISS,  
and NEAL N. GALVIN, in their official capacities  
as the Commissioners of the Public Service  
Commission of the State of New York,  
and not as individuals,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>BRIEF OF AMICI CURIAE THE THE UNITED STATES OF AMERICA AND<br>THE FEDERAL COMMUNICATIONS COMMISSION</u>

                                              DAVID N. KELLEY  
                                              United States Attorney for the  
                                              Southern District of New York  
                                              86 Chambers Street, 3rd Floor  
                                              New York, New York 10007  
                                              Tel.: (212) 637-2774  
                                              Fax.: (212) 637-2686

SARAH E. LIGHT (SL-9869)  
Assistant United States Attorney  
- Of Counsel -

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................. 1

BACKGROUND ............................................................ 2

    A.    Procedural History ............................................ 2

    B.    The FCC Preemption Order ..................................... 2

    C.    Vonage's Motion for a Permanent Injunction ...................... 3

ARGUMENT ............................................................. 4

    THIS COURT MAY NOT ADDRESS THE VALIDITY OF THE FCC'S
    PREEMPTION ORDER AND SHOULD DEFER CONSIDERATION OF
    THOSE ISSUES NOT YET RESOLVED BY THE FCC UNDER
    THE DOCTRINE OF PRIMARY JURISDICTION ............................ 4

    A.    The Validity of the FCC's Preemption Order is Not
           Subject to Challenge in this Court ................................. 4

    B.    Pursuant to the Doctrine of Primary Jurisdiction This Court Should
           Continue to Defer Consideration of Those Issues
           Not Yet Decided by the FCC ...................................... 5

CONCLUSION ............................................................ 7

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
VONAGE HOLDINGS CORPORATION,         :
                                     :
        Plaintiff,                   :
                                     :    04 Civ. 4306 (JGK) (DFE)
    - against -                      :
                                     :
THE NEW YORK STATE PUBLIC SERVICE    :
COMMISSION and WILLIAM M. FLYNN,     :
THOMAS J. DUNLEAVY, LEONARD A. WEISS,:
and NEAL N. GALVIN, in their official capacities :
as the Commissioners of the Public Service :
Commission of the State of New York, :
and not as individuals,              :
                                     :
        Defendants.                  :
------------------------------------x
```

### BRIEF OF AMICI CURIAE THE UNITED STATES OF AMERICA AND THE FEDERAL COMMUNICATIONS COMMISSION

### PRELIMINARY STATEMENT

The United States of America and its agency, the Federal Communications Commission (the "FCC" or the "Commission") (collectively, the "Government"), respectfully submit this memorandum of law as amici curiae in the above-referenced matter.

### BACKGROUND

A.  Procedural History

This case involves a challenge by Vonage Holdings Corp. ("Vonage") to a New York Public Service Commission ("NYPSC") order determining that Vonage's provision of its DigitalVoice "Voice over Internet Protocol" ("VoIP") service in New York rendered Vonage a "telephone corporation" subject to state regulatory requirements. As the Government explained in its June 29, 2004 Amicus brief ("Gov't Amicus Br.") submitted in connection with Vonage's

motion for a preliminary injunction, Vonage's challenge to the NYPSC's order implicates important communications-law issues that have been and are being considered by the FCC. The Government therefore urged this Court to defer consideration of Vonage's claims pursuant to the doctrine of primary jurisdiction. Gov't Amicus Br. at 4-8.

On July 16, 2004, this Court granted Vonage's motion for a preliminary injunction, while at the same time ordering Vonage to "continue to provide the same emergency 911 calling services currently available to Vonage customers in New York" and to "make reasonable good faith efforts to participate on a voluntary basis in PSC industry-wide workshops pertaining to service reliability of VoIP providers." Preliminary Injunction Order ("PI Order") at ¶¶ 3-4. In the PI Order, this Court recognized that the "FCC's guidance on these issues . . . may aid in final resolution of this matter." Id. ¶ 5.

B.      The FCC's Preemption Order

On November 12, 2004, the FCC released an order preempting the Minnesota Public Utilities Commission ("PUC") from exercising jurisdiction over Vonage's DigitalVoice VoIP service. See In the Matter of Vonage Holdings Corporation Petition for a Declaratory Ruling Concerning an Order of the Minnesota Public Utilities Commission, 2004 WL 2601194, 19 FCC Rcd 22404 (2004) (the "Preemption Order"). In the Preemption Order, the FCC concluded that Minnesota's assertion of jurisdiction over Vonage's DigitalVoice service contravened important federal pro-competitive, deregulatory policies concerning "entry regulation, tariffing, and other requirements," 19 FCC Rcd at 22415 ¶ 20, regardless of whether Vonage's service should ultimately be classified as an "information service" or a "telecommunications service" under the Communications Act. Id. at 22411 ¶ 14. The FCC is currently engaged in an industry-

wide rulemaking proceeding addressing the regulatory status of VoIP services (see In the Matter of IP-Enabled Services, 2004 WL 439260, 19 FCC Rcd 4863 (2004) ("IP Services NPRM")). In the Preemption Order, the FCC explained that it would address the regulatory-classification question in the IP-Enabled Services NPRM, along with related questions about "appropriate federal regulation, if any," of VoIP services and "the extent to which states have a role in such matters." Id. at 22411 n.46.

In the Preemption Order, the FCC "express[ed] no opinion," however, about the applicability to Vonage of Minnesota's "general laws" concerning "taxation, fraud, general commercial dealings, and marketing, advertising, and other business practices." Id. at 22405 ¶ 1; see also id. at 22411 n.47. In preempting the Minnesota regulation, the FCC noted that Vonage was subject to this Court's injunction regarding 911 services in New York, and that because DigitalVoice is a "national service for which Vonage cannot single out New York 'intrastate calls,'" the agency did not need to be concerned that, as a result of its order, Vonage might "cease its efforts to continue developing and offering a public safety capability in Minnesota." Preemption Order, 19 FCC Rcd at 22432 ¶ 45. As of the date of this filing, the Commission has not issued any further order in the IP-Enabled Services NPRM proceeding, or otherwise, that addresses these remaining issues.

C.   Vonage's Motion for a Permanent Injunction

Relying on the FCC's Preemption Order, Vonage filed a motion requesting that this Court issue a permanent injunction against the NYPSC's order. According to Vonage, the interpretation embodied in the FCC's Preemption Order "can lead to but one conclusion: regulation of the type set forth in the PSC Order is preempted under federal law." Vonage

3

Memorandum of Law ("Von. Mem") at 7. The NYPSC, by contrast, maintains that, because its rate and entry requirements can be waived, those requirements embodied in its order "are purely pro forma, at least as applied to competitive providers such as Vonage." NYPSC Memorandum of Law ("NYPSC Mem.") at 14. Accordingly, NYPSC maintains that it retains the authority to regulate both Vonage's provision of E911 services, NYPSC Mem. 10-11, and issues relating to "network reliability." Id. at 12-13.[1]

## ARGUMENT

### THIS COURT MAY NOT ADDRESS THE VALIDITY OF THE FCC'S PREEMPTION ORDER AND SHOULD DEFER CONSIDERATION OF THOSE ISSUES NOT YET RESOLVED BY THE FCC UNDER THE DOCTRINE OF PRIMARY JURISDICTION

A.   The Validity of the Preemption Order is Not Subject to Challenge in this Court

As both Vonage and the NYPSC acknowledge, the validity of the FCC's Preemption Order is not subject to challenge in this Court. See 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); Vonage Mem. at 6 ("there is no dispute that the FCC Declaratory Ruling may not be challenged in this proceeding"); NYPSC Mem. at 9 ("The propriety of the FCC's decision is not a matter for this Court to decide"). See also Vonage Holdings Corp. v. Minnesota Pub. Utils. Comm'n, 394 F.3d 568, 569 (8th Cir. 2004) ("The Administrative Orders Review Act ('Hobbs Act') prescribes the sole conditions under which the courts of appeals have jurisdiction to review

---

[1] In support of its contention that states may regulate network reliability, the NYPSC relies on 47 U.S.C. § 253(b) for the proposition that the states have a role to "ensure the continued quality of telecommunications." NYPSC Mem. at 13. However, the NYSPC has misquoted the text of the statute. Section 253(b) speaks of the "quality of telecommunications <u>services</u>." 47 U.S.C. 253(b) (emphasis added). Therefore, the relevance of that section (if any) to the states' role in regulating VoIP services turns on whether VoIP service is classified as a "telecommunications service" or an "information service" under the Communications Act—a question that is currently being addressed in the FCC's pending IP-Enabled Services NPRM proceeding and which the FCC has not yet resolved. Preemption Order, 19 FCC Rcd at 22411 n.46.

the merits of FCC orders. . . . No collateral attacks on the FCC Order are permitted. "); see also FCC v. ITT World Communications, 466 U.S. 463, 468-69 (1984).[2] Accordingly, this Court should not consider the validity of the Preemption Order in ruling on Vonage's motion for a permanent injunction.

B.  Pursuant to the Doctrine of Primary Jurisdiction This Court Should Continue to Defer Consideration of Those Issues Not Yet Decided By the FCC

Regardless of the Court's conclusion as to the nature of the injunctive relief to which Vonage is entitled at this time,[3] the Court should not decide any unresolved questions of law that remain pending before the FCC, but instead should leave resolution of those issues to the FCC under the doctrine of primary jurisdiction. See Gov't Amicus Br. at 4-8. The Preemption Order preempted an order of the Minnesota PUC applying "traditional 'telephone company' regulations to Vonage's DigitalVoice service." 19 FCC Rcd at 22404 ¶ 1. The Preemption Order expressly declined to address issues concerning the regulatory classification of VoIP services under the Communications Act as "information services" or "telecommunications services," or the applicability of other federal or state regulatory obligations on VoIP providers. See 19 FCC Rcd at

---

[2]  In fact, the NYPSC (among other parties) has filed a petition for review of the Preemption Order in the Second Circuit pursuant to the Hobbs Act. See New York v. FCC, No. 05-1069 (2d Cir.). The FCC has filed a motion to transfer that petition to join others that have been filed in the Ninth Circuit under 28 U.S.C. § 2112(a). See People of the State of Calif. v. FCC, No. 05-70007 (9th Cir.). The Second Circuit has not yet acted on the motion to transfer.

[3]  The parties do not appear to dispute that there should be an injunction of some kind against NYPSC's regulation of Vonage's VoIP service, as long as Vonage stands by its "firm commitment" in this litigation "to provide the same level of 911 service to its customers in New York that it has provided throughout this proceeding, and will continue its voluntary efforts to enhance those services including its work with the New York PSC to conduct E911 trials in a manner compatible with Vonage's service." Vonage Mem. at 16; Vonage Mem. at 13-15; NYPSC Mem. at 18-20.

22411 n.46. Those issues present complex questions of fact, policy, and law that are uniquely within the expertise of the FCC and should be addressed by the FCC in the first instance. See Gov't Amicus Br. at 4-8. Finally, the regulatory classification issue is not properly before this Court, as Vonage does not raise that issue in support of its motion for a permanent injunction. Accordingly, and for the reasons stated in the Government's June 29, 2004 Amicus brief, the Court should continue to defer consideration of legal issues that the FCC has not yet addressed in its administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that this Court should defer consideration of those issues raised in Vonage's request for a permanent injunction that have not yet been decided by the FCC, until the FCC has addressed them in pending administrative proceedings.

Dated: New York, New York
      February 11, 2005

                        DAVID N. KELLEY
                        United States Attorney for the
                        Southern District of New York
                        Attorney for Amici Curiae the United States and
                        The Federal Communications Commission

By:   _____
          SARAH E. LIGHT (SL-9869)
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, New York  10007
          Tel.: (212) 637-2774